12645

FOSTER v. NORTH CAROLINA MUT. LIFE INS. CO.

(148 S. E., 656)

484

486

*Mr. A. C. Platt,* for appellant,

*Messrs. Thompson & McConnell,* for respondent,

April 23, 1929.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

For a statement of this case we quote the following from the agreed statement contained in the transcript of record:

"This action was begun by the Plaintiff against the Defendant in the Court of Magistrate and involved the sum of Ninety Dollars. On or about the 7th day of February, 1916, the Defendant, North Carolina Mutual Life Insurance Company, issued its policy of insurance covering the life and health of John Martin, who at the time was staying with plaintiff, Sarah Foster. That the policy provided for a weekly payment of premiums of fifteen cents and provided for Three Dollars per week sick benefit, and in case of death to pay to the beneficiary the sum of Forty-five Dollars; Sarah Foster being named in the policy as the beneficiary. * * *

"The Magistrate gave judgment against the appellant, who thereupon within due and proper time appealed to the Court of Common Pleas of Spartanburg County; upon hearing the appeal the Magistrate's findings were affirmed by the Honorable P. D. Barron, presiding as Special Judge. Judgment was entered, and from this judgment due and legal notice was served of intention to appeal to this Court, and the appellant does now appeal and asks a reversal of the said judgment.

"Briefly it is contended by the appellant and was contended before the inferior Courts that if the defendant was liable for anything on account of the sickness of the insured, John Martin, the same was due to John Martin and not to Sarah Foster the plaintiff herein; and that any claim paid by the appellant to Sarah Foster or any judgment had in her favor and paid by this appellant would not preclude John Martin from bringing an action against this appellant and recovering a judgment against it, provided the same was supported by law and fact."

A judgment obtained in a Magistrate's Court, confirmed by the Circuit Judge, as in the case at bar, will not be disturbed by this Court, unless there is no evidence to support the same; but, where there is a total lack of evidence, and the judgment is clearly erroneous, it should be set aside by this Court. After a careful examination of the record, this is our opinion as to the judgment obtained in the case at bar.

The suit was an action against the defendant under the sick benefit provision of the policy in question for the sum of $90, and judgment was awarded for the full amount sued for. The amount stipulated in the policy to be paid as a sick benefit is $3 per week, not to exceed 20 weeks in any one year. Therefore under no view of the case could the defendant be held liable for more than $60.

The policy further provides that, in order for the defendant to be liable under the sick benefit provision, the insured must be prevented "from following his or her usual occupation and confined to bed or house." According to the testimony of the insured, he was actually confined in the hospital, the place he had been sent, only two months. The remainder of the time he was at the hospital he was not actually "confined to bed or house," but worked some. Therefore according to the testimony of the insured, and there was no testimony to controvert his statement, two months is the greatest length of time that could be charged up against the defendant, amounting to only $24, for which the defendant could be held, if it be granted that the defendant is liable.

The policy further provides that, in order to collect under the sick benefit provision, application for benefits must be submitted to the home office or nearest office of the company, and the application blanks must be filled by the attending physician of the insured, and sick benefits will be allowed only in case of satisfactory proof of continued disability. This was not done except as to one week, and the defendant offered to pay the *insured* for this.

But the most serious obstacle that the respondent is confronted with is that there is no provision in the policy for the payment of money to her for sick benefits. The policy provides for the payment unto the plaintiff the sum of $45 in case of the death of the insured, but it is stipulated in the policy that the money for sick benefit be paid to the insured. It is not contended that the insured is dead, but that he has been sick. Neither is it contended that the insured has made an assignment of his rights under the sick benefit provision to the plaintiff. Therefore the plaintiff cannot maintain this action. His Honor, Special Judge Barron, as set forth in his order, finds as a fact that the plaintiff paid all the premiums on the policy, and that there was a mutual understanding between the parties that the plaintiff was to be entitled to all money under the sick benefit provision as well as for the death of the insured.

The evidence is conclusive that the plaintiff paid all of the premiums on the policy, but we fail to find any evidence of an agreement that the plaintiff was to be paid the money for which the defendant might be liable under the sick benefit provision of the policy, or any evidence of a mutual understanding to that effect. The policy is clear as to who is entitled to receive the money, and under our view of the case the plaintiff has no standing in Court.

The appellants' exceptions are therefore sustained, and it is the judgment of this Court that the judgment below be reversed and the complaint dismissed.

MR. CHIEF JUSTICE WATTS concurs.

MR. JUSTICE COTHRAN (concurring in result) : We concur in the result upon the ground that the sick benefits were payable to the insured and not to the plaintiff, who was the beneficiary only in the event of the death of the insured. We do not think that the rights of the insured, who is living, should be determined in this action to which he is not a party.

MESSRS. JUSTICES BLEASE and STABLER concur.