12739

LYTLE v. SOUTHERN RY.—CAROLINA DIVISION

(149 S. E., 692)

162

*Messrs. McDonald & McDonald,* for appellant,

*Messrs. Gaston, Hamilton & Gaston, Wilson & Wilson,* and *Thomas F. McDow,* for respondent,

September 26, 1929.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

For the reasons assigned by his Honor, Judge Mann, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

Let the defendant be allowed to make a motion, if so advised, to make the widow a party, as pointed out by Mr. Justice Blease in his concurring.opinion.

MR. JUSTICE CARTER concurs.

MESSRS. JUSTICES BLEASE and STABLER concur in result.

MR. JUSTICE COTHRAN dissents.

MR. JUSTICE BLEASE (concurring in result) : I agree with the Chief Justice that the order of Judge Mann overruling the demurrer should be sustained.

It does not appear to me at this time to be necessary to determine anything concerning the rights of the alleged adulterous wife, as suggested in the dissenting opinion of Mr. Justice Cothran, as that question is not now properly before us. We must accept the rule, so repeatedly announced by this Court, that in the consideration of a demurrer all the material facts of the complaint are to be taken as true.

If the defendant desires to have the rights of both the mother and the widow of the deceased adjudicated in one suit, and thereby prevent a possibility of the defendant being subjected to the risk of two judgments against it for the same tort, which I admit might·be the result, as pointed out by Mr. Justice Cothran, the defendant may proceed, as I

see it, to avoid the possibility of that occurrence, by asking the Court to make the widow of the deceased a party to this action, under the provisions of Sections 361 and 365 of Volume 1 of the Code of 1922. See *Fidelity Fire Insurance Co. v. Windham,* 134 S. C., 373, 133 S. E., 35, and authorities there cited. It should be the policy of our Courts to end litigation as early as possible and to prevent a multiplicity of suits. I think the case mentioned is sufficient authority to properly guard the rights of the defendant.

MR. JUSTICE STABLER concurs.

MR. JUSTICE COTHRAN (dissenting) : This is an action under the Federal Act known as the Federal Employers' Liability Act (45. U. S. C. A., §§ 51-59) for damages on account of the wrongful death of one Alf Lytle, an employee of the defendant, while both he and the company were engaged in interstate commerce. The action is brought for the benefit of Polly Lytle, the mother of the deceased.

It is alleged in the complaint that the deceased left surviving him a widow and no children. Under the specific terms of the Federal Act, such an action must be brought for the benefit of the surviving widow. The plaintiff seeks to avoid this provision of the Act by alleging that the wife long prior to the death of the intestate willfully abandoned and refused to live with him, and at the time of his death was living in adultery with another man. The contention is that under the laws of North Carolina, in which State the wrongful death of the intestate occurred, the alleged adulterous wife and widow "is barred of any recovery in this action and from any and all rights as a distributee of the estate of the said Alf Lytle, deceased, and of any and all rights to participate in the recovery by the plaintiff in this action"; and that as a consequence the mother, as the only surviving parent, becomes the beneficiary of such recovery as may be had in the action.

To this complaint the defendant demurred upon the grounds that the action was one falling under the Federal

Employers' Liability Act of Congress; that it appeared from the allegations of the complaint that plaintiff left surviving him a widow but no children, and that under the terms of said Act of Congress such an action for the death of plaintiff's intestate must be brought solely for the benefit of said widow; and that no cause of action existed under said Federal Employers' Liability Act in favor of the mother of plaintiff's intestate, it appearing that he left his widow surviving him.

The demurrer came on to be heard by his Honor, Judge Mann, at the fall term, 1928, who filed an order dated January 24, 1929, overruling the same, upon the ground that under the laws of North Carolina an unfaithful wife loses all of her "rights or legal estate as a widow and, not being entitled to benefit for the wrongful death of her deceased husband, there is no one to enjoy the benefits of the survivor of the rights of action, as provided by statutes ahead of the mother. The mother is, it seems, the proper person for whose benefit this action should have been brought."

From this order the defendant has appealed.

The plaintiff's cause of action depends upon his right to recover for the benefit of the mother, to the exclusion of the widow. It follows necessarily that if, as a matter of law, the action should have been brought for the benefit of the widow, the complaint does not state a cause of action, and should have been dismissed upon demurrer. It will not do to say that it is not necessary at this time "to determine anything concerning the rights of the alleged adulterous wife," for the reason that the complaint is specifically based upon a negation of those rights, and cannot be maintained except upon a repudiation of them.

I thoroughly indorse the statement in the concurring opinion of Mr. Justice Blease, "It should be the policy of our Courts to end litigation as early as possible and to prevent a multiplicity of suits"; but I fail to see how it will conduce to this desirable consummation to allow a case to pro-

ceed which does not state a cause of action, and leave it open to prosecution by the one who really has the cause of action. It seems perfectly plain that at some time, soon or later, the conflict which looms between the mother and the alleged adulterous widow, over the proceeds of the damage suit, will have to be settled, and in the interest of the speedy termination of litigation and the avoidance of a multiplicity of suits, I think that the clear-cut issue of law could not be more readily and definitely settled than in the present appeal.

It must be observed that the order of his Honor, Judge Mann, contains a specific adjudication that the widow by her conduct as a wife has forfeited all interest in the recovery of damages which may result from the action by the administrator, and that the mother is the only one entitled to the benefit of the recovery. An affirmance by this Court of that order will be an adjudication of the issue of law. The widow who is not a party to the present action would not, of course, be concluded by that adjudication, which would mean the bringing of a separate suit for her benefit, hardly in keeping with the avowed purpose of avoiding a multiplicity of suits.

It is suggested in the concurring opinion, which however is not the judgment of the Court, that the defendant may apply for an order making the widow a party to the action under Sections 361, 365, of the Code of Civil Procedure 1922. This will not add anything to the speeding of the cause, rather the contrary. Even then the question which is now at the door of this Court will have to be decided. Why not decide it now?

Again, if the order of his Honor, Judge Mann, should be affirmed by this Court and the case be remanded for trial, the question will still appear like Banquo's ghost, and if decided against the defendant a review of whatever judgment may be rendered, by the Supreme Court of the United States, is clearly in prospect. A decision of the issue *now* in favor of the widow, which I think is inevitable, would

clear the way for an immediate trial upon the merits, avoiding both delay and a multiplicity of proceedings.

Upon the merits of the issue whether the action should have been brought for the benefit of the mother or of the widow, I have this to say:

It has been settled by numerous decisions of the Supreme Court of the United States that the Federal Act is paramount and exclusive; that a recovery under it can be had only in the mode and for the benefit only of those persons or classes of persons in whose favor the law creates and bestows a cause of action.

In *Seaboard Air Line Ry. v. Kenney*, 240 U. S., 489, 36 S. Ct., 458, 459, 60 L. Ed., 762, it is held: "There can be now no question that the Act of Congress in so far as it deals with the subjects to which it relates is paramount and exclusive. It is therefore not disputable that recovery under the Act can be had alone in the mode and by and *for the persons or class of persons* in whose favor the law creates and bestows a right of action."

It is important therefore that we look to the statute to determine, under a given state of facts, who are the beneficiaries. The provision is "for the benefit of the surviving widow or husband and children of such employee; and if none, then of such employee's parents, and if none, then of the next of kin dependent upon such employee. * * *" The benefit is manifestly successive and exclusive of later mentioned persons or classes.

In the present case there was surviving a widow and no children; the benefit provided for her was exclusive of the contingent benefit provided for the parents and the further contingent benefit provided for the next of kin; as to her designation, *eo nomine*, there could arise no question, unless the contention above referred to of the mother be sustained. If there had been no widow, no children, and no parents surviving, the next of kin would have been the beneficiaries;

and in that event it may be admitted that resort must have been had to the State law to determine the component elements of that class.

I do not follow the reasoning of his Honor, Judge Mann, in his order overruling the demurrer. He apparently takes the position first that as the Federal Act contains no definition of those who constitute the beneficiaries under the Act, the law of North Carolina may be resorted to for the purpose of ascertaining the distributees of an intestate estate, and as that law puts the adulterous wife beyond the pale she must be deprived of a benefit which is not at all derived from the statute of distributions.

I think that it is very true under the statutes of both North Carolina and South Carolina, a faithless wife loses both her right of dower and her interest as an heir of her dead husband; but the right to become a beneficiary under the Federal Act or under our Lord Campbell Act is not attributable to either her right of dower or her right as an heir of her dead husband.

As is said in the case of *Michigan Cent. R. Co. v. Vreeland,* 227 U. S., 68, 33 S. Ct., 192, 195, 57 L. Ed., 417, Ann. Cas., 1914-C, 179: "This cause of action is independent of any cause of action which the decedent had and includes no damages which he might have recovered for his injury if he had survived. It is one beyond that which the decedent had—one proceeding upon altogether different principles. It is a liability for the loss and damage sustained by relatives dependent upon the decedent. It is therefore a liability for the pecuniary damage resulting to them, and for that only."

The cause of action for the wrongful death of the employee accrued upon his death and, under the Act, for the benefit of the widow. There is not a qualifying expression in the Act which would deprive her as widow of that benefit on account of any alleged adulterous conduct. She was the decedent's wife at the time of his death and his widow thereafter, regardless of what her conduct may have been. Our

own statute, Section 5237, Civ. Code 1922, recognizes a *locus penitentiœ* in the erring wife and forgiveness by the husband, which restores her marital rights and of course recognizes the continued marital relation which has not been legally interrupted—she was all along the wife, and at his death his widow.

I think that the point is made clear by a consideration of the fact that the act gives two distinct causes of action, one to compensate the injured person for his loss and suffering while he lives, and the other to compensate the persons named in the act for loss sustained by his death. The first is in the administrator and is an asset of the estate, distributable as such among the heirs at law. The other is in the personal representative as a trustee for the person or persons on whose behalf the act authorizes recovery.

It is doubtless true under the North Carolina statute quoted in the order of his Honor, Judge Mann, that an adulterous wife would forfeit her interest in the recovery of damages under the first cause of action above referred to; but there is nothing in that statute which justifies a denial of her rights under a statute entirely separate and distinct from the estate of her dead husband. Under our statute, Section 5333, Civ. Code 1922, the forfeiture is limited apparently to real estate.

It appears to me that the case of *R. Co. v. Wells, etc., Co.,* 275 U. S., 161, 48 S. Ct., 73, 72 L. Ed., 216, 59 A. L. R., 758, is practically conclusive of the issue at stake. In that case an action was brought to recover damages for the death of one Anderson, who was instantly killed while employed in interstate commerce by the defendant, and it was brought under the Federal Employers' Liability Act for the benefit of the sister of the deceased. Anderson did not leave a surviving widow, child, or father. His mother had survived him but died before the plaintiff administrator had been appointed, and no action was brought on her behalf. At the trial the defendant railroad company moved for a directed verdict up-

on the ground that, since the mother had survived, the cause of action vested in her; and that when she died the cause of action died with her. The direction was denied and the plaintiff obtained a verdict, which was affirmed by the highest Court of the state of Minnesota, 166 Minn., 79, 207 N. W., 186. Upon *certiorari* the Supreme Court of the United States reversed the Minnesota Court, saying:

"The question is whether the sister, being, but for the short survival of the mother, 'next of kin, dependent upon such employee,' is, under the circumstances, entitled to compensation.

"The language of Section 1 makes it clear that she is not. The cause of action as there expressed, accrues to the widow and children, if either survives. It accrues to the parents if neither widow nor child survives. It accrues to the next of kin dependent upon the employee only if there is no surviving widow, child, or parent. There are, thus, three classes of possible beneficiaries. But the liability is in the alternative. It is to one of the three; not to the several classes collectively. The contention is that, if the one entitled at the death of the employee to the compensation dies thereafter before a recovery, the action may be brought on behalf of the class next in line. There is no basis in the Act for such a shifting of the beneficiary. The statute does not provide for a life interest in one, with remainder over to others in the line of distribution. Nor does it provide for vesting the right to compensation in the one, with a conditional limitation to another, in case the one entitled at the death happens to die thereafter without having secured recovery.

"The cause of action accrues at the death. *Reading Co. v. Koons,* 271 U. S., 58, 46 S. Ct., 405, 70 L. Ed., 835, 25 N. C. C. A., 683. When it accrues, there is an immediate final and absolute vesting; and the vesting is in that one of the several possible beneficiaries who according to the express provision in the statute, is declared entitled to be compensated. Upon Anderson's death, an administrator might have

been appointed and [164] an action brought immediately. If it had been so brought, it would have been for the benefit solely of the mother; and no other action would have lain. The failure to bring the action in the mother's lifetime did not result in creating a new cause of action after her death for the benefit of the sister."

I can find nothing in the North Carolina statute, in the South Carolina statute, or in the Federal Act which would justify a denial of the benefit to the widow, adulterous though she may have been and still may be.

The precise point is ruled in the case of *Cole v. Mayne* (C. C.), 122 F., 836, 839. The action was brought under a state statute quite similar to the Federal Act, by the children of the deceased. He had left a widow who was living in open adultery with another. The children contended that she was thereby disqualified from receiving the benefit of the statute and that they were next in line. The Court denied the contention, holding: "The Legislature, in giving this cause of action in contravention of any common-law right, saw fit to designate the widow of the deceased as the first person to maintain the action. The recognized definition of the term 'widow' is 'a woman who has lost her husband by death; a wife that outlives her husband.' Wherever a right by law has been attached by reason of widowhood, there must be some law by which it is divested, or it will remain. *Commonwealth v. Powell*, 51 Pa., 441. The fact that a wife may desert her husband and commit adultery with a third person does not disentitle her as the widow of the deceased husband. In the absence of a divorce dissolving the bonds of matrimony, which in this country is a civil contract, her status is that of his widow, and she would be entitled to dower in his estate in the absence of a statute forfeiting the right on account of desertion and adultery."

The deceased, Alf Lytle, having left a widow, and there being nothing in the Federal Act to debar her of a right of recovery, no state statute that attempted to do so could have

that effect, as it would be in direct conflict with the express provisions of the Federal Acts. She being his lawful widow at the time of his death, her previous elopement without just cause and her alleged adultery will not bar her of her right of action as the preferred beneficiary under the Federal Act.

If I should be wrong in the foregoing conclusion, I think that there is a compelling reason why the order overruling the demurrer, if not reversed, should not be affirmed. It most positively and unequivocally holds that the mother is the proper beneficiary and that the widow by reason of her adulterous conduct has forfeited the right which the Act unmistakably and without reservation has bestowed upon her. An affirmance of that order is an adjudication to that effect. The rights of the alleged adulteress will have been adversely adjudicated in a proceeding in which she has not been heard either to deny the charge of adultery or to contest its effect if established. I conceive that it would be placing an unfair burden upon her to confirm the adjudication of the Circuit Court and allow her the privilege of starting a new proceeding to convince this Court of its error.

I think that at the very least the Court should suspend the appeal and direct that the widow be made a party to the action that she may have the opportunity of vindicating her fair name if she may and contest the legal position taken by the administrator on behalf of the mother of the dead husband.

Section 365 of the Code Civil Procedure 1922 provides: " * * * But when a complete determination of the controversy cannot be had without the presence of other parties, the Court must cause them to be brought in. * * * " *Foster v. Ins. Co.*, 150 S. C., 482, 148 S. E., 656; *Ins. Co. v. Windham*, 134 S. C., 373, 133 S. E., 35.