**POFF v. PENNSYLVANIA R. CO.**
Civil Action No. 3556.

District Court, E. D. New York.

Nov. 29, 1944.

William J. Carey, of New York City (Morris A. Wainger, of New York City, of counsel), for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City, for defendant.

GALSTON, District Judge.

The matter for decision is a motion made by the defendant to set aside the verdict rendered by the jury for the plaintiff in the sum of $8,500 on the ground that Helen C. Poff is not authorized to maintain an action for her own benefit in circumstances which show that there are nearer surviving relatives of the deceased.

The action is under the Federal Employers' Liability Act, Title 45 U.S.C.A. §§ 51–60. The decedent died as a result of injuries which he sustained in defendant's employ as a railroad engineer. At the trial, defendants admitted liability for the collision and derailment which caused the death of the decedent. The decedent was unmarried. The only relatives surviving him, other than the plaintiff, were two sisters and a nephew, the latter a son of a deceased brother. Neither the sisters nor the nephew was dependent upon the decedent. Evidence at the trial disclosed that the plaintiff was a first cousin of the decedent and was dependent upon him for support; that he was supporting her at the time of his death and had supported her for about five and a half years immediately prior to his death. The plaintiff, a widow, took care of the decedent's household, which at the time of his death consisted only of the decedent and herself. He gave her $40 to $50 a month for her own use, for clothing, medical expenses and other incidentals, and paid all household bills for food for both of them in the sum of about $120 a month. He also paid the taxes, repairs of the house which he owned, and other incidentals.

The relevant portion of Title 45 U.S.C.A. § 51 provides that when an injury is sustained by a railroad employee through the negligence of the employer while engaged in interstate commerce, resulting in his death, the carrier shall be liable "to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee * * *."

The jury, under the charge of the court, by its verdict, must have concluded that Helen Poff was the next of kin dependent upon the deceased.

It is the position of the defendant that the plaintiff was not such next of kin as is contemplated by the statute.

As a matter of first impression and original interpretation of the statute in question, so far as it relates to this matter, a reasonable interpretation would seem to warrant the conclusion that the statute in terms intended as beneficiaries persons other than the widow, husband, children and parents if none there were, so as to create a beneficial interest in such of the next of kin as survive, providing such surviving next of kin are dependent upon the employee. It cannot be gainsaid that a cousin falls within the class "kin"—a blood relative. Certainly it may be conceded that a brother, sister, nephew and niece would be closer of kin than a cousin; but if such surviving next of kin were not dependent

upon the decedent, then they could not fall, under the statute, within the class to be benefited, and the next class should take.

Defendant cites Seaboard Air Line v. Kenney, Administrator, 240 U.S. 489, 36 S.Ct. 458, 60 L.Ed. 762, but that case is not helpful, for the question there presented was whether an illegitimate child is kin or next of kin of his parents, or of the legitimate children of his parents. Here there is no question that a cousin is not kin. Nor do defendant's citations of Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686; or Bailey v. Baltimore Mail S. S. Co., D.C., 43 F.Supp. 243; New Orleans & N. E. R. Co. v. Harris, 247 U.S. 367, 38 S.Ct. 535, 62 L.Ed. 1167; Chicago, B. & Q. R. Co. v. Wells-Dickey Trust Co., 275 U.S. 161, 48 S.Ct. 73, 72 L.Ed. 216, 59 A.L.R. 758; or Moffett v. Baltimore & Ohio, 4 Cir., 220 F. 39, sustain defendant's proposition.

If any aid is to be obtained from precedents, Gulf, Colorado & Santa Fe R. Co. v. Mary J. McGinnis, Administratrix, 228 U.S. 173, 33 S.Ct. 426, 427, 57 L.Ed. 785, is closest. The action was brought by an administratrix in a State Court of Texas under the Federal Employers' Liability Act to recover damages for the negligent death of the decedent while in the employ of the railroad company. The decedent left a widow and four children and the suit was brought for their benefit. Of the surviving children, one was a married woman, residing with and maintained by her husband. There was neither allegation nor evidence that she was in any way dependent upon the decedent. The jury returned a verdict and apportioned it one-half to the widow and the remainder equally among the four children, including the married and non-dependent daughter. The Supreme Court criticized the State Court in holding that the federal statute authorized the suit to be brought for the surviving wife and children, "irrespective of whether they were dependent upon him, or had the right to expect any pecuniary assistance from him." Justice Lurton's opinion continues:

"In a series of cases lately decided by this court, the act in this aspect has been construed as intended only to compensate the surviving relatives of such a deceased employee for the actual pecuniary loss resulting to the particular person or persons for whose benefit an action is given. The recovery must therefore be limited to compensating those relatives for whose benefit

the administrator sues as are shown to have sustained some pecuniary loss. Michigan C. R. Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. [417, Ann.Cas.1914C, 176]; American R. Co. v. Didricksen, 227 U.S. 145, 33 S.Ct. 224, 57 L.Ed. [456]."

In the case at bar the plaintiff was shown to have sustained a pecuniary loss. Since, therefore, there is no authority for holding that the next of kin dependent upon such employee is to be excluded because there is a nearer non-dependent relative surviving, the motion to set aside the verdict of the jury is denied.