### POFF v. PENNSYLVANIA R. R.
### No. 351.

Circuit Court of Appeals, Second Circuit.
July 9, 1945.

Ray Rood Allen and Burlingham, Veeder, Clark & Hupper, all of New York City (William S. Stuhr, Jr., of New York City, of counsel), for appellant.

Morris A. Wainger and William J. Carey, both of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

PER CURIAM.

The defendant appeals from a judgment in favor of the plaintiff in an action brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The plaintiff's testator, a railroad engineer, was killed while engaged in interstate commerce, and the defendant conceded upon the trial that the accident was due to negligence chargeable to it. The deceased left no widow, children, or parents surviving; his nearest surviving relatives were two sisters and a nephew, none of whom was in any way dependent upon him financially. The following are the other relevant facts which the jury may be assumed to have found. The deceased was domiciled in Pennsylvania, as was the plaintiff, who was his cousin: a daughter of his mother's brother. He had lived with his mother until her death in January, 1937, when the plaintiff and her husband, at his request, came to live with him. At first she and her husband paid $75 a month towards the upkeep of the house; but the husband died shortly after they came to live with him; and thereafter she paid nothing, but received from him $40 to $50 a month for her personal expenses, and a monthly allowance for the upkeep of the house. When the decedent's brother died, the amount which he paid for the food and maintenance of the house was somewhat reduced, but he continued to allow her the same amount for her personal use. She had no other income or money with which to buy food or to maintain herself.

The only point presented on this appeal is whether in the circumstances just stated, plaintiff had any standing to sue under § 51, Title 45 U.S.C.A., as "next of kin dependent upon such employee." We quote in the margin the relevant words of that section.* The plaintiff argues, and the judge agreed, that the phrase, "next of kin dependent upon such employee," means the nearest kin who were dependent upon the deceased, and that, in ascertaining who are

* "Every common carrier by railroad * * * shall be liable for damages to any person suffering injury while he is employed by such carrier in (interstate) commerce, or, in case of the death of such employee, to his * * * personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee."

904

such, all nearer kin must be disregarded who were not dependent upon him. The defendant argues that the phrase means "next of kin" in the sense of the local statute of distributions, but that of these, those only can recover who suffer some loss by the death and only to the extent of their loss. In the absence of any widow, children or parents, the plaintiff's rule results in going down the line of inheritance as fixed by the statute of distributions, until one comes to the first "dependent," no matter how remote he may be, and how many it has been necessary to pass in order to reach him. (Presumably, if there are more than one of equal degree all will recover to the exclusion of those of remoter degree.)

■■ The plaintiff relies chiefly upon the well-settled law that recovery by any of the persons named in the statute is limited to the pecuniary loss suffered. Michigan Central R. Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417, Ann. Cas.1914C, 176; Gulf, Colorado & Santa Fe R. Co. v. McGinnis, 228 U.S. 173, 33 S.Ct. 426, 57 L.Ed. 785. However, the converse by no means follows: i. e. that all who suffer pecuniary loss by the death may recover. So much is certainly not true. No doubt, there would have been an intelligible purpose in so providing, but from Lord Campbell's Act forward that has never been the law. The plaintiff cannot, and does not, invoke such a purpose, and must be, and is, content with a less comprehensive one. She says, following Notti v. Great Northern R. Co., 110 Mont. 464, 104 P.2d 7, 8, that the words should be read as follows: "for the benefit of the surviving widow or husband and children of such employee (sustaining pecuniary loss because of his death) and, if none, then of such employee's parents (if they have sustained pecuniary loss because of his death) and, if none, then of the next of kin dependent upon such employee." The statute sets up a hierarchy of three classes: (1) The widow and children; (2) parents; (3) next of kin. These are mutually exclusive: that is, when there is any recovery in a preferred class there can be none in any deferred class; but we can find no decision but Notti v. Great Northern R. Co., supra, which holds that, when none of the members of a preferred class have suffered any loss, the members of the deferred class can take. It is possible that New Orleans & Northeastern R. v. Harris,

247 U.S. 367, 372, 38 S.Ct. 535, 62 L.Ed. 1167, did not actually decide the opposite: it may there have been assumed that the widow could have recovered something, in spite of her long disappearance; indeed, that appears to have been decided in Southern Railway v. Miller, 4 Cir., 267 F. 376, 381. Perhaps some such assumption was the basis of the decision in Lytle v. Southern Railway, 152 S.C. 161, 149 S.E. 692; Id., 171 S.C. 221, 171 S.E. 42, 90 A.L.R. 915, where the court treated a woman who had left the deceased and was living in open adultery, as not his widow. In spite of the fact that she could not in fact have suffered any loss, the court might have supposed that she could recover something, if still a wife. While, therefore, there may be no decision holding the opposite of Notti v. Great Northern R. Co., supra, the proposition there laid down would be so arbitrary and capricious in application that it cannot be the law. There can be not the least question that the recovery of any amount, however small, by any member of a preferred class is a bar to recovery by all members of deferred classes. St. Louis San Francisco R. v. Seale, 229 U.S. 156, 162, 33 S.Ct. 651, 57 L.Ed. 1129, Ann.Cas. 1914C, 156; Taylor v. Taylor, 232 U.S. 363, 34 S.Ct. 350, 58 L.Ed. 638. For instance, in the case of a woman who abandons her home, even though she might recover something, it would be little, and yet it would oust a mother who was absolutely dependent on the deceased; and the same would also be true of a child, who, though independently wealthy, got something, though little. Similarly of a father, to whom his son gave something, as against a sister who lived with him and depended upon his support. It seems to us incredible that a statute, which certainly requires such exclusions, excepts cases where the members of the preferred class get nothing, instead of a pittance. On the contrary, we hold that it is the existence of members of preferred classes that bars members of deferred classes, and that the question whether they suffer any loss is irrelevant.

■■ If this be true as between classes, it seems to us plain that an opposite principle should not be introduced in determining recovery among the next of kin themselves. As we have just seen, a widow or children who have suffered only a trifling loss, absolutely exclude parents, however needy; and parents who have suffered only

a trifling loss, exclude grandchildren, brothers and sisters. Yet if the plaintiff is right, when there are neither widow, nor children, nor parents, a second or third cousin may recover, although there are intervening grandchildren, brothers, sisters, nephews, nieces, or other closer kin, provided these have suffered no loss by the deceased's death. Congress, which was willing to leave unremedied loss suffered by parents, or grandchildren, who might be totally dependent upon the deceased, could not have meant to recognize remote members of the deceased's other kin, similarly situated. The plaintiff's interpretation does not fulfill any rational purpose; it merely introduces an exception at the precise place where an exception is least to be desired or expected; it mutilates the statute, as much in its purpose as in its language. As in the case of the first two preferred classes, "next of kin" is defined by its hereditary, not by its pecuniary, relation to the deceased; it means the next of kin as the law has always meant it; and dependency is only a selective factor, a condition upon recovery by any members of that class, as it is among members of the first two classes. The case is not therefore one in which Congress has failed to express its obvious purpose, and in which courts are free to supply the necessary omission; it is a case where—whatever that purpose—it certainly did not include what the plaintiff asserts.

Judgment reversed; complaint dismissed.