## POFF, EXECUTRIX, *v.* PENNSYLVANIA RAILROAD CO.

No. 484.   Argued February 1, 1946.—Decided February 25, 1946.

*Morris A. Wainger* argued the cause and filed a brief for petitioner.

*Ray Rood Allen* argued the cause and filed a brief for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Congress provided in the Federal Employers' Liability Act (35 Stat. 65, 45 U. S. C. § 51) that the carrier's liability in case of the death of an employee runs

"to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's

parents; and, if none, then of the next of kin dependent upon such employee . . ."

The deceased, residing in Pennsylvania, was a railroad engineer employed by respondent and was killed while engaged in its service in interstate commerce. Respondent's negligence was conceded. The deceased left no widow, children, or parents. His nearest surviving relatives were two sisters and a nephew, none of whom was in any way financially dependent on him. But petitioner, who was his cousin, was a member of his household and wholly dependent on him for support. The district court rendered judgment for petitioner. 57 F. Supp. 625. The circuit court of appeals reversed, holding that petitioner was not entitled to recover since there were nearer relatives, though not dependent ones, who survived the deceased. 150 F. 2d 902. The case is here on a petition for a writ of certiorari which we granted because of the importance of the question.

We assume, without deciding, that the circuit court of appeals correctly concluded that members of the second or third class, irrespective of their need, are not entitled to recover if there survives a member of the prior class. Cf. *Notti* v. *Great Northern R. Co.*, 110 Mont. 464, 104 P. 2d 7. The liability is not "to the several classes collectively" but in the alternative to one of the three classes. *Chicago, B. & Q. R. Co.* v. *Wells-Dickey Trust Co.*, 275 U. S. 161, 163. Thus to an extent, at least, the order of priority is determined by relationship, not by dependency. See *New Orleans & N. E. R. Co.* v. *Harris*, 247 U. S. 367. Cf. *Lytle* v. *Southern R. Co.*, 152 S. C. 161, 149 S. E. 692. But the circuit court of appeals went further and applied that principle to determine which members of the third class (next of kin) were entitled to recover. It said that since parents or grandchildren, dependent on the deceased, are left without remedy if a widow or child survives, Congress could not have meant to recognize remote

members of the deceased's other kin, similarly situated. It read "next of kin dependent upon such employee" to mean "next of kin, *if* dependent upon such employee." Since the two sisters and nephew were the "next of kin" who would take to the exclusion of petitioner under Pennsylvania's law of descent and distribution[1] if the deceased died intestate, petitioner was barred here.

We read the statute differently.

It is clear that "next of kin" is determined by state law. *Seaboard Air Line* v. *Kenney,* 240 U. S. 489. State law governs whether it is necessary to determine if one relative is closer than another, or if a claimant falls within or without the class. But under this Act, unlike the state statutes of descent and distribution, a member of the third class must be not only next of kin but also dependent on the deceased in order to recover. The emphasis on dependency suggests that Congress granted the right of recovery to such next of kin as were dependent on the deceased. And that interpretation seems to us to be more in harmony with the Act than the construction adopted by the circuit court of appeals.

We are not warranted in treating as an antecedent class the nearer next of kin who are not dependent. That would be to rewrite the statute. Congress has created three classes, not four or more. Yet to hold that the existence of nearer next of kin who are not dependent bars recovery by more remote next of kin who are dependent is to assume that the former constitute a preferred class. Congress, however, placed all next of kin in one class. To use dependency as the selective factor in determining which members of a particular class may recover is no innovation under this Act. For the Court held in *Gulf, C. & S. F. R. Co.* v. *McGinnis,* 228 U. S. 173, that in a suit brought by a widow as administratrix for the benefit of herself and four children, a judgment in favor of an adult child who

---

[1] See 20 Purdon's Pa. Stats. Ann. §§ 62, 63, 66, 67.

was married and resided with and was maintained by her husband would not be sustained in absence of a showing of pecuniary loss. Moreover, when Congress made the widow preferred over the parents and both the widow and parents preferred over the next of kin, it barred the deferred classes from recovering by creating a preferred class which could recover. Yet if respondent's theory is adopted, the nearer next of kin who are not dependent are treated as a preferred class not for the purpose of allowing them to recover but to defeat a recovery by all next of kin.[2] It may be true, as was the case in *Chicago, B. & Q. R. Co.* v. *Wells-Dickey Trust Co., supra,* that the cause of action may be lost to the preferred class and to the deferred class as well. But that result, though possible, flows not from the nature of the preference but from such circumstances as the failure promptly to pursue the claim. Yet it would be a radical departure from the statutory scheme to do within the third class what Congress has not done between the classes and defeat all recovery by holding that the cause of action vested in one who could not under any circumstances sue. Under this Act deferment of a class is based on the existence of members of a preferred class to whom Congress has granted the right of recovery. We find no compulsion in the policy or language of the Act to adopt a more stringent interpretation when we come to determining what members of the third class may sue.

*Reversed.*

Mr. Justice Jackson took no part in the consideration or decision of this case.

Mr. Justice Frankfurter dissenting, with whom Mr. Justice Burton concurs.

Congress might well have allowed recovery as a matter of course to any near relative of a railroad employee

---

[2] It is clear that the two sisters and the nephew, the nearest surviving relatives, could not recover. *Lindgren* v. *United States,* 281 U. S. 38.

whose death was due to a carrier's negligence. Congress chose not to do so. Congress merely gave a right of action "to certain relatives dependent upon an employé wrongfully injured, for the loss and damage resulting to them financially by reason of the wrongful death." *Michigan Central R. Co.* v. *Vreeland,* 227 U. S. 59, 68; and see *Gulf, C. & S. F. R. Co.* v. *McGinnis,* 228 U. S. 173, 175; *Garrett* v. *Louisville & Nashville R. Co.,* 235 U. S. 308, 313. Congress might have extended the benefits of its legislation to any dependent relative by using a colloquial description such as "the nearest dependent surviving relative." It chose not to do that. On the contrary, it used the phrase "next of kin," a term of precise meaning in the law. In sum, Congress carefully limited the relatives eligible for compensation for an employee's death and strictly designated the basis of eligibility.[1]

What Congress did was thus analyzed by the court below:

> "Congress, which was willing to leave unremedied loss suffered by parents, or grandchildren, who might be totally dependent upon the deceased, could not have meant to recognize remote members of the deceased's other kin, similarly situated. The plaintiff's interpretation does not fulfill any rational purpose; it merely introduces an exception at the precise place where an exception is least to be desired or expected; it mutilates the statute, as much in its purpose as in its language. As in the case of the first two preferred classes, 'next of kin' is defined by its hereditary, not by its pecuniary, relation to the deceased;

---

[1] "That every common carrier by railroad . . . [in interstate and foreign commerce] shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death . . ." 35 Stat. 65, 53 Stat. 1404, 45 U. S. C. § 51.

it means the next of kin as the law has always meant it; and dependency is only a selective factor, a condition upon recovery by any members of that class, as it is among members of the first two classes. The case is not therefore one in which Congress has failed to express its obvious purpose, and in which courts are free to supply the necessary omission; it is a case where—whatever that purpose—it certainly did not include what the plaintiff asserts." *Poff* v. *Pennsylvania R. Co.*, 150 F. 2d 902, 905.

I do not find a persuasive answer to this analysis and am therefore of opinion that the judgment below should be affirmed.