54 N.J. Super. 149 (1959)
148 A.2d 515
MARGARET HAMMOND, ADMINISTRATRIX AD PROSEQUENDUM OF JOHN HAMMOND, DECEASED, AND DEBORAH HAMMOND, JOHN HAMMOND, JR., MERRIAL HAMMOND, WAYNE HAMMOND AND LEIGHTON HAMMOND, MINORS, BY THEIR NEXT FRIEND, MERRIAL A. KYLER, PLAINTIFFS,
v.
THE PENNSYLVANIA RAILROAD COMPANY, A CORPORATION, AND THE NEW YORK AND LONG BRANCH RAILROAD COMPANY, A CORPORATION, AND P.S. WENTZ, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 13, 1959.
*151 Mr. Eugene Capibianco, attorney for the guardian ad litem.
Messrs. Hanlon, Argeris & Crahay (Mr. Stephen A. Argeris appearing), attorney for defendant The New York and Long Branch Railroad Company.
MARIANO, J.S.C.
By order of the court Merrial A. Kyler, guardian ad litem of five alleged minor illegitimate children of the decedent, was permitted to intervene in the above entitled matter as party plaintiff. Such intervention was permitted subject to motion for dismissal of the complaint either before or during trial on grounds that the said minors are not proper parties plaintiff nor do they have a cause of action. It is the motion which is now being determined. See pretrial order dated September 4, 1958, and supplement thereto dated January 16, 1959.
Plaintiff Margaret Hammond, wife of the deceased, sues the defendant Pennsylvania Railroad Co. as administratrix ad prosequendum and general administratrix under the wrongful death statute of our State, N.J.S. 2A:31-1 et seq. At the same time and in the same capacities she sues the New York and Long Branch Railroad Co. under the Federal Employers' Liability Act, 45 U.S.C.A., § 51 et seq.
It is admitted by the attorney representing the said guardian ad litem that the illegitimate children are not *152 proper parties plaintiff in the suit against the Pennsylvania Railroad Co. by virtue of the provisions of the wrongful death statute. There remains, therefore, the question as to whether the said children are proper parties plaintiff in the suit against the defendant New York and Long Branch Railroad Co. under the provisions of 45 U.S.C.A., § 51 et seq.
A determination of this question requires a construction of the word "children" as used in 45 U.S.C.A., § 51, which reads as follows:
"Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none * * * then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment. * * *" (Italics mine)
In Seaboard Air Line Ry. v. Kenney, 240 U.S. 489, 36 S.Ct. 458, 60 L.Ed. 762 (1916), plaintiff's intestate was killed in North Carolina on an interstate freight train and suit was brought for the next of kin who were three minor children of the mother of the deceased, she having died before the accident. He was an illegitimate child. The suit was instituted in accordance with the provisions of the Federal Employers' Liability Act (45 U.S.C.A., § 51 et seq., supra). The court held that who were the next of kin as used in 45 U.S.C.A., § 51 et seq., supra, must be determined by the legislation of the various states to whose authority that subject is normally committed. See also Poff v. Pennsylvania Railroad Co., 327 U.S. 399, 66 S.Ct. 603, 90 L.Ed. 749 (1946), in which it was held that the *153 term "next of kin" is to be determined by state law, citing Seaboard Air Line Ry. v. Kenney, supra. See also De Sylva v. Ballentine, 351 U.S. 570, 76 S.Ct. 974, 100 L.Ed. 1415 (1956).
Plainly the statute contains no definition of the word "children." Speaking generally, under our dual system of government who are embraced within the words "child" or "children" is to be determined by the legislation of the various states to whose authority the subject is normally committed. The absence of a definition indicates the intention of Congress to permit the determination of that question according to state law.
Under our statute of Descent and Distribution of Intestate Property, N.J.S. 3A:4-1 et seq., illegitimate children can only inherit property by and through his or her maternal heirs or next of kin. N.J.S. 3A:4-7:
"For the purpose of descent and distribution under this chapter to, through and from an illegitimate child, such child shall be treated the same as if he were the legitimate child of his mother, so that he and his issue shall inherit and take from his mother and from his maternal kindred, including his maternal ancestors, descendants and collaterals; and they, from him and his issue. * * *" Bartholdi v. Dumbeky, 37 N.J. Super. 418 (App. Div. 1955).
According to the common law of this State, an illegitimate child is nullius filius; he could not inherit from his mother or putative father, and neither his mother nor his father nor any of the issue of either could claim any kinship with him. Unless the child has been legitimated he is still nullius filius as far as the father and the father's issue and kindred are concerned. The common-law rule has been modified to the extent as provided for in N.J.S. 3A:4-7, supra.
As is well known it has been repeatedly determined that the legislative meaning of the word "child" when used in statutes not only was limited to lawful children, but was limited to lawful natural born children. Bank of Montclair v. McCutcheon, 107 N.J. Eq. 564 (Prerog. 1930).
*154 The decisions throughout the country are unanimous that, in the absence of statutory provisions modifying the common law with respect to illegitimate children, the words "issue," "child," or "children" found in a will or statute, whether qualified by the word "lawful" or not, are to be construed as only those who are legitimate, and if others are intended this must be deducted from the language employed without resort to extrinsic facts. This is on the ground that at common law a bastard child had no inheritable blood, was kin to no one, could have no heirs, save those of his own body.
For the various states which have construed the word "child" or "children" as used in a statute, see 7 Words and Phrases, pages 52 to 61, inclusive.
Under the Decedent Estate Law of New York, which governs the construction of the Federal Employers' Liability Act, 45 U.S.C.A., §§ 51-59, within the state, as to children of a deceased employee entitled to benefits under the Act, the word "child," without any other description, does not include an illegitimate child. Hiser v. Davis, 234 N.Y. 300, 137 N.E. 596 (Ct. App. 1922).
It is strongly urged that this court construe the word "children" so as to include the illegitimates in the matter sub judice because of the holding in Middleton v. Luckenbach S.S. Co., 70 F.2d 326 (2 Cir. 1934), certiorari denied 293 U.S. 577, 55 S.Ct. 89, 79 L.Ed. 674 (1934). It is true that "parent, child, or dependent relative" as used in the statute (46 U.S.C.A., § 761 et seq.), stating for whose benefit suit may be brought to recover for death on the high seas, was held to include illegitimate children. However, Middleton v. Luckenbach S.S. Co., supra, is clearly and plainly distinguishable from the matter at hand.
It is to be observed that the statute involved in the Middleton case, supra, pertains to death on the high seas by wrongful conduct. 46 U.S.C.A., § 761 reads:
"Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, *155 or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued. Mar. 30, 1920, c. 111, § 1, 41 Stat. 537."
Since the occurrence in the Middleton case happened on the high seas, the law of the admiralty controls and rights must be governed by federal law. Also, the federal statute 46 U.S.C.A., § 761, supra, does not contain any words requiring a mandate of a state legislature to inform us as to the meaning of words used therein as is the case in 45 U.S.C.A., § 51, supra. The fact that Congress in one statute used the words "next of kin" and in the other specifically named the beneficiaries indicates that the courts were not to turn to state law to determine who came within the act. (46 U.S.C.A., § 761, supra). Apparently Congress intended to avoid words so that there be uniform construction without recourse to state law. In the present case the accident occurred in New Jersey, the transaction had a substantial contact with the State, whereas in this type of case (death on the high seas) there can be no such contact, for the accident must happen on the high seas. It was not intended under the Death Act, 46 U.S.C.A., supra, that a right be created in any particular jurisdiction. In this it is unlike 45 U.S.C.A., supra, which provides for concurrent jurisdiction, state and federal. Therefore, we must necessarily look to the statute, 46 U.S.C.A., supra, and not to state legislative decrees to determine who may recover for death on the high seas, as is necessary under the Federal Employers' Liability Act, 45 U.S.C.A., supra.
Counsel for the guardian ad litem of the five illegitimate children calls the court's attention to De Sylva v. Ballentine, supra, wherein the United States Supreme Court determined that an illegitimate child should share in right of renewal of copyright under 17 U.S.C.A., sec. 24. A reading of the De Sylva case will reveal that the United States Supreme Court resorted to California law in order *156 to hold that an illegitimate child was a "child" within copyright statute giving children of deceased authors rights to renew or extend copyrights. 17 U.S.C.A., sec. 24, supra.
The California statute involved is section 255 of the California Probate Code, which reads:
"Every illegitimate child is an heir of his mother, and also of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father, and inherits his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock; but he does not represent his father by inheriting any part of the estate of the father's kindred, either lineal or collateral, unless, before his death, his parents shall have intermarried, and his father, after such marriage, acknowledges him as his child, or adopts him into his family; in which case such child is deemed legitimate for all purposes of succession. An illegitimate child may represent his mother and may inherit any part of the estate of the mother's kindred, either lineal or collateral."
While there have been some statutes ameliorating the condition of the illegitimate children in certain particulars, the very fact that such acts have been specific, and not general, is a clear indication of an intent not to extend the effect of such ameliorating legislation beyond the specific instances provided for. New Jersey has specifically provided for legitimation under certain conditions, N.J.S. 3A:4-7, which provides:
"* * * When parents of an illegitimate child shall marry subsequent to his birth and recognize and treat him as their child, such child shall be deemed to have been made the legitimate child of both of his parents for the purpose of descent and distribution to, through and from him under this chapter."
By reason of the foregoing, it is the ruling of this court that in an action under the Federal Employers' Liability Act, 45 U.S.C.A., § 51, supra, the illegitimate children may not maintain an action to recover damages for the alleged negligent killing of their putative father, and the complaint, therefore, is dismissed. Counsel will submit an appropriate order.