**Stanley GLOD, Anna Lascik, Mildred Greenday, Helen Kacerik and Bertha Glod, Plaintiffs,**

v.

**AMERICAN PRESIDENT LINES, LTD., Defendant.**

**AMERICAN PRESIDENT LINES, LTD., a corporation, Third Party Plaintiff,**

v.

**LOCKHEED SHIPBUILDING AND CONSTRUCTION COMPANY, a corporation, Third Party Defendant.**

**No. C 81–3339 SAW.**

United States District Court,
N. D. California.

Sept. 23, 1982.

**184**

Lyle C. Cavin, Jr., San Francisco, Cal., for plaintiffs.

Finan, White & Morrison, Robert J. Finan, Raymond M. Paetzold, San Francisco, Cal., for defendant and third party plaintiff.

Armour, St. John, Wilcox & Goodin, John St. John, Donald E. Schlotz, Diane Wear Larrabee, San Francisco, Cal., for third party defendant.

## ORDER AND JUDGMENT

WEIGEL, District Judge.

Plaintiffs bring this wrongful death action pursuant to the Jones Act, 42 U.S.C. § 688 and the admiralty jurisdiction of the Court. They seek damages against American President Lines, Ltd. (American) for the death of Walter J. Glod (decedent). The decedent was a seaman employed by American who died when he fell from a ladder while boarding his ship, the SS President Johnson. The accident and death occurred while the ship was docked in Seattle, Washington.

Plaintiffs claim that the decedent's death was caused by the unseaworthiness of the SS President Johnson and/or by the negligence of American. American has filed a Third Party Complaint against Lockheed Shipbuilding and Construction Company (Lockheed) seeking indemnity and requiring Lockheed to respond to plaintiffs' complaint pursuant to Fed.R.Civ.P. 14(c). Lockheed now moves for summary judgment pursuant to Fed.R.Civ.P. 56(c).

The undisputed facts for the purposes of this motion are: (1) plaintiffs are the brothers and sisters of decedent and are his sole surviving heirs (Complaint, ¶ 1); and (2) at the time of decedent's death, none of the plaintiffs were dependent upon him for financial support (Plaintiffs' Responses to Third Party Defendant's First Set of Interrogatories to Plaintiffs, Nos. 40–43). The sole issue now presented is whether the decedent's nondependent relatives are entitled to recover damages under either the Jones Act or general maritime law or both.

## THE JONES ACT

The Jones Act, 46 U.S.C. § 688, unequivocally prohibits a nondependent relative of any person covered under the Act from maintaining a wrongful death action. Section 688 provides, in pertinent part:

> ... in case of the death of any seaman ... the personal representative of such seaman may maintain·an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable.

The Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60, regulates the right of action for wrongful death for railway employees. Under the FELA, 45 U.S.C. §§ 51, 59, the schedule of beneficiaries for a wrongful death or personal injury action brought under the Jones Act is limit-

ed to the decedent's: (1) surviving widow or husband; (2) children; (3) parents; and (4) next of kin dependent upon the decedent.

The decedent herein was unmarried, had no natural or adopted children, was predeceased by his parents, and had no next of kin dependent upon him. (Plaintiffs' Responses to Third Party Defendant's First Set of Interrogatories to Plaintiffs, Nos. 7–19, 40–43). *See Poff v. Pennsylvania Railroad Co.,* 327 U.S. 399, 66 S.Ct. 603, 90 L.Ed. 749 (1946) (dependent next of kin is one who is dependent upon the decedent for financial support). Thus, the plaintiffs are precluded from asserting any right of action for personal injury or wrongful death under the Jones Act.

## GENERAL MARITIME LAW

The remaining issue is whether under general maritime law a decedent's nondependent relatives are eligible to maintain an action for wrongful death. No decision on this precise issue has been found to have been made by either the Supreme Court, the Ninth Circuit Court of Appeals or any District Court in the Ninth Circuit.[1] Even so, general maritime case law provides a sound basis for ruling.

A uniform right of action for wrongful death under general maritime law was created by the Supreme Court in *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). In *Moragne,* the Court expressly declined to draft a schedule of beneficiaries. *Id.* at 408, 90 S.Ct. at 1791. Justice Harlan, writing for the Court, left this subsidiary issue for "... further sifting through the lower courts in future litigation." *Id.* However, the Court recommended that the lower courts look for guidance to the Death on the High Seas Act

(DOHSA), 46 U.S.C. § 761, and the numerous state wrongful death statutes which "... have long been grist for the judicial mill." *Id.*

DOHSA's application is limited by statute to deaths "... occurring ... beyond a marine league from the shore of any State...." 46 U.S.C. § 761. Its schedule of beneficiaries limits a right of action for wrongful death to "... decedent's wife, husband, parent, child, or *dependent relative* ...." *Id.* (emphasis added). The pertinent Washington State statute provides a wrongful death remedy for the benefit of the wife, husband, and children of the deceased, and, if none of the above are applicable, then to parents, *sisters or minor brothers who were dependent upon the deceased person for support.* Wash.Rev.Code § 4.20.020 (1974) (emphasis added). Thus, defendants argue that the guiding law, that of DOHSA and of Washington State, precludes plaintiffs, nondependent siblings of the decedent, from maintaining a wrongful death action pursuant to the Supreme Court's holding in *Moragne.*

Plaintiffs, on the other hand, look for support in more recent Supreme Court decisions. In 1974, while addressing the subsidiary issue of damages under the general maritime wrongful death remedy, the Supreme Court stated that the decision in *Moragne* was "... designed to extend to the dependents of maritime wrongful-death victims admiralty's 'special solicitude for the welfare of those men who under[take] to venture upon hazardous and unpredictable sea voyages.'" *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 577, 94 S.Ct. 806, 811, 39 L.Ed.2d 9 (1974), *citing Moragne v. States Marine Lines, Inc.,* 398 U.S. at 387, 90 S.Ct. at 1780. The Court in *Gaudet* not

---

1. Although the issue of nondependent relatives recovering for loss of society under general maritime law has not yet been decided, the Sixth Circuit Court of Appeals has determined that a nondependent relative cannot recover for loss of prospective inheritance. *In Re Cambria Steamship Company,* 505 F.2d 517 (6th Cir. 1974), *cert. denied sub nom. Gordon v. Dahl,* 420 U.S. 975, 95 S.Ct. 1399, 43 L.Ed.2d 655 (1975). In dicta, the Sixth Circuit hinted that had the nondependent relative been seeking damages for loss of society, the outcome may have been different. 505 F.2d at 524–25. However, this decision was rendered prior to the Supreme Court's decision in *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978). Thus the Supreme Court's statement in *Higginbotham,* that the Death on the High Seas Act should be the Court's primary guide, provides weightier authority for the Court than the dicta in *In Re Cambria,* 505 F.2d 517.

only held that the wrongful death remedy was independent of any action the decedent may have had for his own personal injuries, but also extended damages to include recovery for loss of society. *Gaudet* relied on the more expansive state statutes which allowed recovery for loss of society as opposed to DOHSA which limits damages to pecuniary loss. *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. at 586–87, 94 S.Ct. at 815–16. By analogy, plaintiffs argue that the decision in *Gaudet* implies that the general maritime wrongful death remedy is more comprehensive and provides for greater recovery than DOHSA, and, therefore, should provide a right of action for nondependent relatives (Plaintiffs' Memorandum in Opposition, PP. 4–5).

This argument is not well-founded. In *Gaudet,* the Supreme Court clearly intended that the expansion of general maritime law be limited to the measure of damages recoverable by the decedent's dependents. *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. at 577, 583–84, 591, 94 S.Ct. at 814, 818. In *Gaudet* there are repeated statements by the Supreme Court that damages recoverable for a wrongful death are designed to compensate a decedent's dependents. These statements are consistent with the policy underlying the creation of the general maritime wrongful death remedy—to provide recovery for dependent relatives. *Id.* at 583, 94 S.Ct. at 814; *see also Moragne v. States Marine Lines, Inc.,* 398 U.S. at 394–96, 90 S.Ct. at 1784–85. Further, the expansive interpretation as to damages in *Gaudet* was predicated upon the majority of state statutes which allow recovery for loss of society in a wrongful death action. *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. at 587 n.21, 94 S.Ct. at 816 n.21. Plaintiffs do not even argue that most states allow nondependent relatives to recover in a wrongful death action. Thus, the rationale supporting the Supreme Court's decision in *Gaudet* is not applicable to the case at bar.

Indeed, in *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978), the Supreme Court indicated that aside from the question of damages, the contours of a general maritime wrongful death action are to be fashioned in a manner consistent with DOHSA. *Id.* at 624, 98 S.Ct. at 2014. *Higginbotham* refused to extend the measure of damages accepted in *Gaudet* to actions brought under DOHSA, thus condoning some disparity between the measure of damages allowed in a DOHSA action and those allowed under general maritime law. The Supreme Court concluded that:

> Damages aside, none of the issues on which DOHSA is explicit have been settled to the contrary by this Court in either *Moragne* or *Gaudet.* Nor are other disparities likely to develop. As *Moragne* itself implied, DOHSA should be the courts' primary guide as they refine the nonstatutory death remedy, both because of the interest in uniformity and because Congress' considered judgment has great force in its own right.

*Id.* at 624, 98 S.Ct. at 2014.

In light of the above, the Court concludes that DOHSA provides an appropriate guide in determining who are the proper beneficiaries in a general maritime wrongful death action. Since DOHSA does not allow nondependent relatives of a decedent to recover for wrongful death, the Court finds that the decedent's nondependent relatives are not entitled to maintain an action for wrongful death under general maritime law. Accordingly,

IT IS HEREBY ORDERED that third party defendant's motion for summary judgment is granted.

IT IS FURTHER HEREBY ORDERED that judgment is entered in favor of third party defendant Lockheed Shipbuilding and Construction Company and defendant American President Lines, Ltd.