**In re Petition of ABC CHARTERS, INC., as Owner of the vessel PENNY, for Exoneration from or Limitation of Liability.**

**Doris WEYER, Plaintiff,**

v.

**ABC CHARTERS, INC., a Washington corporation; Penn Yan Boats, Inc., a New York corporation; and Kathleen Shaw, the Personal Representative of the Estate of Ian A. Shaw, Defendants.**

No. C81–1220B.

United States District Court, W.D. Washington, at Seattle.

Jan. 26, 1983.

Michael H. Williamson, and Rodney Q. Fonda, Seattle, Wash., for plaintiff ABC Charters, Inc.

Scott E. Stafne, Seattle, Wash., for plaintiff Doris Weyer.

Thomas J. Collins, Seattle, Wash., for defendant Penn Yan Boats, Inc.

W. Craig Smith, Seattle, Wash., for Estate of Ian A. Shaw.

Robert Sieh and John W. Hathaway, Martin P. Detels, Jr., Seattle, Wash., for defendant Kathleen Shaw.

## ORDER GRANTING PENN YAN'S MOTION FOR SUMMARY JUDGMENT

BEEKS, Senior District Judge.

Petitioner, ABC Charters (ABC), seeks to limit/exonerate its liability for the March 7, 1981 voyage of the PENNY, a 28-foot fiberglass pleasure craft owned by ABC and constructed by Penn Yan Boats, Inc. (Penn Yan).

On March 7, ABC chartered the vessel to Dr. Ian Shaw who, accompanied by Doris Weyer, proceeded from Anacortes, Washington to Roche Harbor, Washington where the vessel berthed for the evening. Subsequently, on the morning of March 9, Dr. Shaw was found dead and Doris Weyer was found unconscious on board the PENNY. The death and injury apparently resulted from carbon monoxide poisoning.

Doris Weyer answered the petition for limitation/exoneration of liability and claimed damages from ABC. In addition, Weyer crossclaimed against the estate of Dr. Shaw and filed a third party complaint against Penn Yan for personal injury.

Kathleen Shaw, Dr. Shaw's divorced wife and administratrix of his estate, likewise contests the petition to exonerate/limit liability and seeks damages against ABC for the wrongful death of Dr. Shaw. Kathleen Shaw, as the personal representative of the estate and on her own behalf and on behalf of the decedent's children, also filed a third party complaint against Penn Yan. Both claimants, Weyer and Shaw, allege a dinghy was lashed on the vessel's stern which acted as a "scoop" to funnel the vessel's exhaust fumes back into the cabin.

Defendant Penn Yan now moves for summary judgment of dismissal against Kathleen Shaw's individual third party claim. Penn Yan maintains that as Dr. Shaw's divorced wife, Kathleen Shaw is precluded from recovering as a wrongful death beneficiary under the general maritime law.

The following facts are not disputed. Kathleen Shaw and the decedent, Dr. Ian Shaw, were divorced in King County Superior Court on December 30, 1977. The parties' dissolution decree incorporated by reference a separation contract previously entered into by the parties. That contract stated in part:

Section 10: *Maintenance*

(a) *Basic.* Except as provided to the contrary here, husband shall pay the wife beginning with the month in which the effective date of this agreement falls, payable on husband signing this agreement and the same date of each month thereafter, the sum of $1,300 a month.

(b) *Termination.* The duty to pay maintenance shall terminate only on the happening of one of the following three events:

(1) The husband's retirement at or after age 65,

(2) The death of the wife, or

(3) The death of the husband.

Viewing the above facts in a light most favorable to the nonmoving party, Kathleen Shaw shall be considered as decedent's dependent for the purposes of this motion. As such, the sole issue before the court is whether a dependent divorced wife is entitled to maintain an action for wrongful death under the general maritime law.

The United States Supreme Court created a cause of action for wrongful death under the general maritime law in *Moragne v. States Marine Lines,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). In *Moragne,* the Supreme Court expressly declined to create a schedule of beneficiaries who would be entitled to recover under the new doctrine and left the issue for "further sifting through the lower courts in future litigation." 398 U.S. at 408, 90 S.Ct. at 1792. In so doing, the Supreme Court suggested that lower courts could find "persuasive analogy for guidance" in the state wrongful death statutes and the Death on the High Seas Act, 46 U.S.C. §§ 761, *et seq.* (1976). *Id.*

The schedule of beneficiaries set forth in DOHSA limits a right of action for wrongful death to "the decedent's wife, husband, parent, child, or dependent relative." 46 U.S.C. § 761.

The analogous Washington state statute provides:

Every such action shall be for the benefit of the wife, husband, child or children of the person whose death shall have been so caused. If there be no wife or husband or child or children, such action may be maintained for the benefit of the parents, sisters or brothers, who may be dependent upon the deceased person for support....

Wash.Rev.Code § 4.20.020 (Supp.1982). As stated, neither DOHSA nor the applicable Washington statute include divorced wives on their schedule of beneficiaries.

Plaintiff Shaw, citing the "humanitarian policy of the maritime law" applied in *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 588, 94 S.Ct. 806, 816, 39 L.Ed.2d 9 (1974), argues that to restrict recovery for wrongful death to spouses, children and dependent relatives would unjustly exclude a large number of beneficiaries who are truly dependent upon the decedent and who suffer a pecuniary loss. In so suggesting, plaintiff invites the court to fashion a federal common law of beneficiaries apart from the authorities above cited. This invitation must·be declined.

Any ambiguity that may have arisen as a result of the *Gaudet* decision was laid to rest in *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978). In *Higginbotham,* the Supreme Court indicated that aside from the question of damages, the contours of the general maritime death action should be formulated in a fashion consistent with DOHSA. In so deciding, the Supreme Court stated:

As Moragne itself implied, DOHSA should be the courts' primary guide as they refine the nonstatutory death remedy, both because of the interest in uniformity and because of Congress' considered judgment has great force in its own right.

... The Death on the High Seas Act, however, announces Congress' considered judgment on such issues as the beneficiaries.... The Act does not address every issue of wrongful-death law, ... but when it does speak directly to the question, the courts are not free to "supplement" Congress' answer so thoroughly that the Act becomes meaningless.

436 U.S. 624–25, 98·S.Ct. 2014–15.

The question of who is entitled to recover as a beneficiary for wrongful death under the general maritime law was recently considered in *Glod v. American President Lines, Ltd.,* 547 F.Supp. 183 (N.D.Cal.1982). In *Glod* the court determined whether a decedent's nondependent siblings were entitled to maintain an action for wrongful death under the general maritime law. *Id.* at 185. In an excellent opinion, Judge Weigel summarized the remedy for wrongful death and concluded that DOHSA provided an appropriate guide in determining the proper beneficiaries in a general maritime wrongful death action. *Id.* at 186. Since DOHSA did not allow a decedent's nondependent siblings to recover, Judge Weigel found the decedent's nondependent relatives were not eligible to maintain an action for wrongful death. *Id.*

The *Glod* rationale is most persuasive when applied to the analogous issues herein. Using DOHSA as the appropriate guide, the Court concludes that dependent divorced

wives are not entitled to recover for wrongful death under the general maritime law. Hence, Mrs. Shaw cannot maintain her action for wrongful death. Accordingly, Penn Yan's motion for summary judgment of dismissal is granted.