**Mary K. KELLY**

v.

**T.L. JAMES CO., INC., et al.**

**Civ. A. No. 82–2982.**

United States District Court,
W.D. Louisiana,
Monroe Division.

Feb. 28, 1985.

H. Alva Brumfield III of Brumfield & Brumfield, Baton Rouge, La., for Mrs. Kelly.

Randolph J. Waits, New Orleans, La., for T.L. James.

## RULING

LITTLE, District Judge.

The very narrow issue presented by defendants' motion to dismiss for failure to state a claim upon which relief can be granted, F.R.C.P. 12(b)(6), is:

> Does a child domiciled in Louisiana have a cause of action for loss of society due to the non-fatal injury of the child's parent, which injury was suffered by the parent as a seaman and for which the parent has filed a claim in federal court under the Jones Act and general maritime law and to which the child's claim is appended.

A brief review of the allegations of the plaintiff's petition is appropriate. Mary Kelly, an admitted seaman, was allegedly injured when she fell on the stairs of a vessel which was located on the navigable waters of the Calcasieu River Basin in the State of Louisiana. The date of the alleged injury was 21 November 1982. Mrs. Kelly filed suit against defendant employer in December of 1982 under "... the Constitution and laws of the United States of America, the General Maritime Law and the Jones Act, as well as the applicable laws of the State of Louisiana". (Par. 2, plaintiff's Complaint for Damages). In April of 1983, plaintiff amended her petition to include as parties plaintiff her minor son and three major children. The four children seek recovery from the defendants for mental pain, anguish, loss of love, consortium and affection as a result of the injuries suffered by their seaman mother. Their cause of action is based on the same sources as the claim of their mother, i.e., the Constitution and laws of the United States of America, the general maritime law and the Jones Act, as well as the applicable laws of the State of Louisiana. All parties are Louisiana domiciliaries.

The language used by the children to describe their claim can best be summarized in the interest of doing substantial justice, as a claim for loss of society and service due to the maritime injury suffered allegedly by their mother. The term "consortium" is used by the children.

Technically, loss of consortium is applicable only to an interspousal relationship and includes loss of society. As was stated in *Skidmore v. Grueninger*, 506 F.2d 716 (5th Cir.1975) at 728:

"The interests involved in loss of society and loss of consortium are very closely related. Indeed, the only difference between the two might be that loss of society involves those losses of intimacy and companionship which stem from the familial relationship, while loss of consortium involves loss of those similar interests which stem from the marital relationship."

The right of a surviving spouse to recover for loss of consortium due to the death of a seaman under the general maritime law and the law of most states is now well established. *See, Sea-Land Services v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974); La.C.C. Art. 2315. Such recovery, however, is not allowed under the Jones Act, 46 U.S.C. § 688, *see, e.g., Smith v. Ithaca Corp.*, 612 F.2d 215, 223 (5th Cir.1980); *Ivy v. Security Barge Lines, Inc.*, 606 F.2d 524 (5th Cir.1978) (en banc), or the Death on the High Seas Act, 46 U.S.C. §§ 761, *et seq., see, Mobil Oil Corp. v. Higgenbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978); *Smith, supra.* The right of a spouse to recover for loss of consortium due to the non-fatal injury of a seaman is also well established. *See, American Export Lines, Inc. v. Alvez*, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980) (general maritime law); *Cruz v. Hendy Intern. Co.*, 638 F.2d 719, 721 (5th Cir.1981) (general maritime law); *Coates v. Owens-Corning Fiberglas Corp.*, 444 So.2d 788 (La.App. 4th Cir.1984) (based on La. C.C. Art. 2315). The right of children to recover for loss of society due to the death of a seaman parent is allowed under the general maritime law and state law. *See, Gaudet, supra* (maritime); *Glod v. Am. Pres. Lines, Ltd.*, 547 F.Supp. 183, 186 (N.D.Cal.1982) (maritime); La.C.C. Art. 2315. Is there a right for children to recover for loss of society and service for the non-fatal injury to a seaman parent?

▮ In *Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475 (5th Cir.1984), Judge Rubin made it perfectly clear that there can be no recovery by a child for loss of society with an injured parent under the Jones Act. His observations are worthy of note:

"Neither the Jones Act in terms nor any case cited to us permits recovery by a child for loss of the society of a living parent. An overwhelming majority of the courts that have considered such a claim under state tort law have rejected it, for various reasons. *See* Annot., 11 A.L.R. 4th 549 (1982). Some have relied on the argument that it is inherently speculative to attempt to determine how much society the child has lost if his parent lives and can continue to furnish parental guidance. Other factors mitigate against such an allowance: (1) the absence of any enforceable claim on the child's part to the parent's services; (2) the possible overlap of the parent's recovery; and (3) the possibility of settlements made with parents being upset." Page 479.

Therefore, to the extent that defendants' motion pertains to the children's claim for loss of society under the Jones Act, it is granted.

▮ The quotation from *Madore* may have been intended to apply to general maritime law as well as Jones Act cases. Madore's wife received $50,000 for loss of consortium and society (*Madore, supra*, p. 477) and that issue was not subject to appellate concern. Since Madore's wife could not have received such an award under the Jones Act, one could conclude that her claim for loss of consortium and the claim of Madore's son for loss of society were based upon general maritime law. Is that quoted analysis applicable to the issue initially presented in this ruling? We think not. While it is true that many states refuse to recognize the right asserted by the children in this case, it is also true that Louisiana has created the cause of action asserted by the children in this matter. La.C.C. Art. 2315. Some courts in the

cases cited in the Madore opinion have relied on the argument that loss of society awards are speculative and difficult to determine. Those cases remain shaded by the Supreme Court decision of *Sea-Land Services v. Gaudet, supra.* As pointed out in *Gaudet,* the argument that loss of society awards are speculative and difficult to determine is without merit. The Court noted that for years juries and judges have been called upon to assess equally speculative damages in determining awards for common law loss of consortium and society. 414 U.S. at 589–90, 94 S.Ct. at 817, 39 L.Ed.2d at 23–24. Moreover, the Court also noted that "appellate tribunals have amply demonstrated their ability to control excessive awards". *Id.* U.S. at 590, 94 S.Ct. at 817, L.Ed.2d at 24. Thus, is the speculation and difficulty argument valid in a non-death case and invalid in a death case? We think not. To hold that a child can recover for loss of society only if the parent dies is beyond the spirit of *Gaudet.* It also seems incongruous to us to allow a spouse to recover in both death and non-death cases, but not the children. We are impressed with the opinion of Judge Rubin in *Hamilton v. Canal Barge Co., Inc.,* 395 F.Supp. 978 (E.D.La.1975). Mr. Hamilton died as a result of injuries sustained in the course of maritime employment. He was a Jones Act seaman and left in his wake an intended wife and a posthumous child. The Court in *Hamilton* awarded the posthumous child $25,000 for the loss of his father's society. The Court, through Judge Rubin, did not reduce the award when faced with evidence that the decedent's fiancee had married and that the child had a foster parent. The Court hoped that the foster father would be a good foster parent but that that possibility would be too conjectural to be allowed to reduce the damages the posthumous child will more likely sustain. *See Hamilton, supra* at 987. If a court or jury can award loss of society damages to a posthumous child under the facts of *Hamilton,* we feel quite certain that a court or jury will be able to apply the same technique and award loss of society damages to a child in a non-fatal paren-

tal injury case. Being guided by the principle of maritime law that "certainly it better becomes the humane and liberal character of proceedings in admiralty to give than to withhold the remedy, when not required to withhold it by established and inflexible rules", *Gaudet,* 414 U.S. at 583, 94 S.Ct. at 814, 39 L.Ed.2d at 20 (citations omitted) we hold that loss of society and services for a child with an injured parent is a compensable claim under the general maritime law. To this extent defendants' motion is denied.

In view of the result we have reached, we do not decide whether the claims of the children for loss of society founded on La. C.C. Art. 2315, as amended in 1982, could be appended to the suit of the parent in a federal admiralty proceeding under the doctrine of pendent party jurisdiction.

MOTION DENIED.