Peter EVICH and the Estate of Ogie Berg, as owners of the M/V CAPELLA, Petitioners-Appellees,

v.

John J. CONNELLY and Terry Morris, Personal Representatives of the Estate of Robert J. Connelly, Claimants-Appellants.

No. 84–4106.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 1985.

Decided May 9, 1985.

Michael H. Williamson, Casey A. Nagy, Madden, Poliak, MacDougall & Williamson, Seattle, Wash., for petitioners-appellees.

Shannon Stafford, John G. Cooper, A. Richard Dykstra, Stafford, Frey & Mertle, Seattle, Wash., for claimants-appellants.

Before WRIGHT, KENNEDY, and ANDERSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This appeal arises from the maritime accident in *Berg v. Chevron*, 759 F.2d 1425, decided today. The events leading to the Connelly claim are set out in the *Berg* opinion. The legal issues in the two cases are distinct, though they arise from the same facts.

## ADDITIONAL FACTS

The Estate of Robert Connelly filed a wrongful death action against the owners of the CAPELLA, Peter Evich and the estate of Ogie Berg. The action was stayed pending the *Berg v. Chevron* trial. During that trial, the CAPELLA owners moved to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). They argued that Robert Connelly's personal representatives, his non-dependent brothers, had no standing to maintain a maritime wrongful death action.

Judge Tanner granted the motion to dismiss. The Connelly Estate moved for reconsideration, seeking recovery against Chevron instead. The motion was granted and the court entered a judgment against Chevron for $265,000. The judgment was based on the findings of fact and conclusions of law announced in *Berg v. Chevron.* Chevron was given no opportunity to challenge the judgment before it was entered.

## DISCUSSION

Chevron appeals the wrongful death award entered in favor of Robert Connelly's non-dependent brothers, arguing that they lack standing to bring a Jones Act, wrongful death, or survival action. Connelly's claim was brought under both the Jones Act and general maritime law.

### Jones Act

The Jones Act allows a seaman to bring an injury or death action against the master of his vessel. 46 U.S.C. § 688(a) (1982). Actions under the Jones Act must apply the statutes governing personal injuries to railroad employees. *Id.*

The Federal Employers Liability Act (FELA) for railroad employees limits the class which may bring wrongful death actions. 45 U.S.C. § 51 (1982). Permissible plaintiffs include "the surviving widow or husband and children of such employee; and, if none, then ... such employee's parents; and, if none, then ... the next of kin *dependent upon such employee.*" *Id.* (emphasis added).

None of Connelly's brothers was dependent on him. The Jones Act does not provide standing for non-dependent siblings asserting a wrongful death action. *See Glod v. American President Lines, Ltd.,* 547 F.Supp. 183, 185 (N.D.Cal.1982). The trial court properly dismissed the Jones Act cause asserted by Connelly against the master of his vessel, the CAPELLA.

### Maritime Wrongful Death

Chevron and the CAPELLA owners argue that an award for wrongful death under the general maritime law was improper. *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 402–03, 90 S.Ct. 1772, 1788, 26 L.Ed.2d 339 (1970), established wrongful death actions under the general maritime law. The Court did not define the class of persons who could bring this new action. It left that to other federal courts, suggesting that they look to the Death on the High Seas Act (DOHSA) and to state wrongful death statutes. *Id.* at 408, 90 S.Ct. at 1791.

DOHSA actions may be brought only for the benefit of the decedent's "wife, husband, parent, child, or *dependent relative.*" 46 U.S.C. § 761 (1982) (emphasis added). Siblings must prove their dependency in order to bring a DOHSA action. *Glod,* 547 F.Supp. at 186; *Muirhead v. Pacific Inland Navigation, Inc.,* 378 F.Supp. 361, 362 (W.D.Wash.1974). The Alaska wrongful death statute provides damages only "for the benefit of the decedent's spouse and children ..., or *other dependents.*" Alaska Stat. § 09.55.580(a) (emphasis added).

Two districts in this circuit have considered wrongful death recovery by persons not included in the DOHSA or state schedules of beneficiaries. In *Glod v. American President Lines,* the court followed the guidance suggested in *Moragne* and held that non-dependent siblings could not maintain an action. *Glod,* 547 F.Supp. at 186. Also, a dependent divorced wife could not maintain an action. *In re Petition of ABC Charters, Inc.,* 558 F.Supp. 364, 366–67 (W.D.Wash.1983).

Recovery for maritime wrongful death would require Connelly's brothers to be dependent relatives. The trial court properly dismissed the wrongful death ac-

tion against the CAPELLA owners. In light of our reversal in *Berg v. Chevron*, we hold the court erred in entering the wrongful death judgment against Chevron. That judgment is vacated.

*Maritime Survival*

▉ Finally, Connelly contends that the dismissal of the action against the CAPELLA owners was improper because a survival action still could be maintained. While the *Moragne* decision created a uniform federal wrongful death action, it did not create a bar to survival actions in territorial waters. *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 583, 94 S.Ct. 806, 814, 39 L.Ed.2d 9 (1974).

Evich asserts that DOHSA is the exclusive remedy for maritime death actions, citing *Mobil Oil Co. v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978). This reliance is ill-founded because DOHSA does not apply in territorial waters and because *Higginbotham* did not discuss survival actions, but only wrongful death actions. *Id.* at 622–25, 98 S.Ct. at 2013–15. The Fifth Circuit has allowed survival actions to supplement DOHSA actions. *Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 893–94 (5th Cir.1984). We agree, and conclude that there is no bar to maritime survival actions based on *Moragne*.

The decisions in *Sea-Land* and *Azzopardi* indicate that Connelly's brothers could maintain a general maritime survival action as his personal representatives. The trial court erred in dismissing Connelly's survival action. The case is remanded for consideration of the survival action against Evich and the Berg estate only.

CONCLUSION

The dismissal of the Jones Act and maritime wrongful death claims are affirmed. The wrongful death judgment entered against Chevron is vacated and remanded. The dismissal of the survival action against Evich and the Berg estate is reversed and remanded.