**David W. MURRAY and Sally Murray**

v.

**ANTHONY J. BERTUCCI CONSTRUCTION CO., et al.**

**Civ. A. No. 88–88.**

United States District Court, E.D. Louisiana.

Sept. 18, 1990.

John W. deGravelles, Baton Rouge, La., for plaintiffs.

Alexander N. Breckinridge, IV, O'Neil, Eichin, Miller & Breckinridge, New Orleans, La., for defendants.

## MEMORANDUM OPINION

MENTZ, District Judge.

### FACTS

The plaintiff, David W. Murray (Murray), was working as a deckhand for the Bertucci Construction Company (Bertucci) aboard the M/V BARBARA ANN. On October 7, 1987, Murray was injured when moving a cable from an empty rock barge to the crane barge AB–11. Rocks had accumulated on the deck of the AB–11 that the plaintiff attempted to climb over to secure the cable. He slipped on the rocks, sustaining a severe injury to his lower back. In addition to a claim by the plaintiff for damages, the plaintiff's wife and children filed claims for loss of consortium. The defendants have moved the court to strike the Murray children's loss of consortium claim from the case.

### ANALYSIS

The Fifth Circuit addressed the issue of a loss of society claim filed by an injured seaman's children in *Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475 (5th Cir. 1984). In *Madore*, the plaintiff was totally disabled as a result of his employer's fault. The district court awarded damages to the plaintiff, and also loss of consortium to his wife and loss of society to his minor son. *Id.* at 477. On appeal to the Fifth Circuit, the award to the son was reversed. The court stated that "[n]either the Jones Act in terms nor any case cited to us permits recovery by a child for loss of the society of a living parent." *Id.* at 479. Furthermore, the "overwhelming majority" of courts that considered a loss of society claim for seamen's children had rejected it. *Id.*

Although the argument can be made that *Madore* applies only to Jones Act recovery, *see, e.g., Kelly v. T.L. James Co., Inc.*, 603 F.Supp. 390 (W.D.La.1985) [1], this court finds that the Fifth Circuit did not intend to limit its holding to Jones Act cases. A holding limited to Jones Act loss of consortium claims would not necessarily have resulted in the son's award being reversed. The lower court had also found that the ship was unseaworthy, thus supporting an award of loss of consortium for the wife. Because of the finding of unseaworthiness, the child's claim for loss of society could not be precluded without considering recovery under both the Jones Act as well as general maritime law. Although the Fifth Circuit's language in the *Madore* opinion may seem unclear, its intent appears to have been to preclude suits for loss of society by the child of an injured seaman whether founded on Jones Act negligence or general maritime law.

Further support for this position can be found in *DeLoach v. Companhia de Navegacao Lloyd Brasileiro*, 782 F.2d 438 (3d Cir.1986). *DeLoach* involved a claim for damages under the general maritime law by a minor plaintiff for the loss of companionship and guidance of his father.[2] The Third Circuit looked to the common law for guidance. The court found that the overwhelming majority of states had declined to allow recovery for children for the loss

---

**1.** Judge Little found that a child could recover for loss of society under the general maritime law. The *Madore* language was held not to preclude a suit by the children of an injured seaman for loss of society, partly in reliance on Louisiana Civil Code article 2315. Article 2315 allows a parental loss of consortium claim to be made in state tort law cases. La.C.C. art. 2315 (West Supp.1990). However, general maritime law is not founded on the substantive law of one state though it may be influenced by the common law. As the court stated in *DeLoach v. Compahnia de Navegacao Lloyd Brasileiro,* 782 F.2d 438 (3d Cir.1986), "as the common law now stands, the overwhelming majority of the states have declined to allow recovery by children for the loss of companionship caused by the negligent injury to their parents." *Id.* at 441.

**2.** The plaintiff also asserted a claim for loss of parental consortium under the Longshoremen's and Harbor Worker's Compensation Act (the Act). The district court found that the Act provided no cause of action for loss of parental consortium. The plaintiff did not appeal this conclusion.

of companionship of a parent. *Id.* at 441. Therefore, the common law did not provide a basis for extending the loss of consortium claim to children under general maritime law.

The court proceeded to decide whether an admiralty court had adequate reason to provide the remedy, despite the common law's denial of recovery for parental consortium. The court found that a parental loss of consortium claim was a "vague and logically expansive right." *Id.* at 443. The difficulty in determining the extent of damages as well as the arbitrariness of allowing parental loss of consortium but not loss of consortium for injury of a grandparent, sibling, or guardian convinced the court to draw a line at the spousal relationship for this type of claim. *Id.* at 442.

In light of the foregoing, this court is of the opinion that an action for parental loss of consortium should not be permitted under the general maritime law. Although Louisiana Civil Code article 2315 provides for parental loss of consortium in state tort law cases, the overwhelming majority of states do not provide for this remedy. As a federal court ruling on a general maritime law issue, the substantive law of Louisiana and a few other states in allowing the remedy is not persuasive. This court prefers to adopt the reasoning of the Third and Fifth Circuits in disallowing the remedy.

Accordingly,

IT IS ORDERED that the defendant's motion to strike the loss of parental consortium claim of the Murray children is GRANTED.