Delbert NEWHOUSE, individually and as Personal Representative of the Estate of Sean Newhouse and Sandra Newhouse, individually; Tina Nanchy, individually; and Richard Nuffer and Georgia Nuffer, individually and as Personal Co–Representatives of the Estate of Robert Nuffer, Plaintiffs,

v.

UNITED STATES of America and Leo Masterson, Defendants,

and

Allstate Insurance Company, Intervenor.

ALLSTATE INSURANCE COMPANY, Counterclaimant,

v.

Delbert NEWHOUSE, individually and as Personal Representative of the Estate of Sean Newhouse and Sandra Newhouse, individually; Tina Nanchy, individually; and Richard Nuffer and Georgia Nuffer, individually and as Personal Co–Representatives of the Estate of Robert Nuffer, Counterdefendants.

ALLSTATE INSURANCE COMPANY, Crossclaimant,

v.

UNITED STATES of America and Leo Masterson, Crossdefendants.

No. CV–S–93–50–PMP (LRL).

United States District Court, D. Nevada.

March 2, 1994.

*ORDER*

PRO, District Judge.

Before the Court is a Motion for Summary Judgment (# 34) filed by Defendant/Crossdefendant ·United States of America ("the United States"). on December 28, 1993: Defendant/Crossdefendant Leo Masterson ("Masterson") filed a Notice of Joinder (# 36) in the United States' Motion for .Summary Judgment on January 10, 1994. Plaintiffs/Counterdefendants Delbert Newhouse, individually and as personal representative of the Estate of Sean Newhouse, and Sandra Newhouse (hereinafter collectively referred to as "the Newhouses"), filed an Opposition (# 41) on January 31, 1994.[1] Plaintiffs/Counterdefendants Richard Nuffer and Georgia Nuffer (hereinafter collectively referred to as "the Nuffers"), individually and as personal co-representatives of the Estate of Robert Nuffer, filed their Opposition (# 40) on January 27, 1994. Defendant Masterson filed his Reply (# 39) on January 24, 1994, and the United States filed its Reply (# 42) on February 18, 1994.

## FACTS

This negligence action arose from a tragic series of events which occurred on the waters of Lake Mead, Nevada, on July 8, 1991, when a boating accident occurred between the vessel driven by Defendant Masterson and a boat operated by the United States Park Service.

Sean Newhouse, Robert Nuffer and Plaintiff Tina Nanchy were passengers on Masterson's boat when Nanchy became ill and had to be transported to a federal park service installation for emergency medical care. While Masterson's boat was en route, the Park Service, apparently having been informed of the situation, sent a vessel out to intercept the one driven by Masterson. Sometime later, the two vessels collided resulting in the death of Sean Newhouse and personal injuries to Plaintiff Nanchy. Robert Nuffer did not suffer fatal injuries as a

David V. Hutchinson, Asst. Director, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, DC, for defendant U.S.

Anthony Zmaila, Vargas & Bartlett, Las Vegas, NV, for defendant Leo Masterson.

Monte E. Hester, Zenon P. Olbertz, Tacoma, WA, for plaintiffs Delbert Newhouse and Sandra Newhouse.

Robert J. O'Connor, Hesperia, CA, for plaintiffs Richard and Georgia Nuffer.

Kenneth A. Cardone, Rawlings, Olson & Cannon, Las Vegas, NV, for intervenor Allstate Ins. Co.

---

1. The Newhouses originally filed their Opposition (# 37) on January 12, 1994, but said Opposition was stricken pursuant this Court's Order (# 38) dated January 20, 1994, for failing to provide proof of service as required by Fed. R.Civ.P. 5(d).

result of the collision. However, some eight months later, he took his own life, allegedly due to the trauma he suffered as a result of the accident.

The Nuffers and Newhouses are the parents of Sean Newhouse and Robert Nuffer respectively. Plaintiffs bring this cause of action both as individuals and in their capacities as representatives of their deceased sons' estates. They allege that their sons' deaths occurred as a result of Defendants' negligence and seek both wrongful death and survival damages under general maritime law.

Defendants move for summary judgment on the ground that no damages are available to either the Newhouses or the Nuffers because any damages they would be able to get are limited to actual pecuniary damages; and since Plaintiffs have virtually acknowledged they have suffered no pecuniary losses, their claims should be dismissed.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distrib. Corp.,* 693 F.2d 870, 883 (9th Cir.1982). Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the factual context makes the respondent's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *California Arch. Bldg. Prod. v. Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 698, 699, 98 L.Ed.2d 650 (1988).

■ If the party seeking summary judgment meets this burden, then summary judgment will be granted unless there is significant probative evidence tending to support the opponent's legal theory. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968); *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270 (9th Cir. 1979). Parties seeking to defeat summary judgment cannot stand on their pleadings once the movant has submitted affidavits or other similar materials. Affidavits that do not affirmatively demonstrate personal knowledge are insufficient. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). Likewise, "legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment." *Id.*

■ A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *See Admiralty Fund v. Hugh Johnson & Co.,* 677 F.2d 1301, 1305–06 (9th Cir.1982); *Admiralty Fund v. Jones,* 677 F.2d 1289, 1293 (9th Cir.1982).

■ All facts and inferences drawn must be viewed in the light most favorable to the responding party when determining whether a genuine issue of material fact exists for summary judgment purposes. *Poller v. CBS, Inc.,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). After drawing inferences favorable to the respondent, summary judgment will be granted only if all reasonable inferences defeat the respondent's claims. *Admiralty Fund v. Tabor,* 677 F.2d 1297, 1298 (9th Cir.1982).

The trilogy of Supreme Court cases cited above establishes that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327, 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1). *See also Avia Group Int'l, Inc. v. L.A. Gear Cal.*, 853 F.2d 1557, 1560 (Fed.Cir.1988).

## DISCUSSION

■ In *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), the Supreme Court reversed the holding in an almost ninety-year-old decision and recognized that a remedy exists for wrongful death under general maritime law. *Id.* at 409, 90 S.Ct. at 1792 (overruling *The Harrisburg*, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886)). However, recently, the Supreme Court, in conformity with the goal of achieving uniformity in the relief available under maritime law, has limited the availability of damages under a *Moragne* wrongful death action to those that reflect pecuniary losses. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 23, 111 S.Ct. 317, 321, 112 L.Ed.2d 275 (1990).[2]

■ The United States argues that summary judgment is appropriate because Plaintiffs cannot demonstrate that they have suffered any pecuniary damages. Plaintiffs "admit that the only loss that they did *not* suffer was a pecuniary loss as a result of their . . . son's death." Plaintiffs' Opposition (# 41) at 6. Therefore, because Plaintiffs have suffered no pecuniary losses, summary judgment in favor of the United States on Plain-

tiffs' general maritime wrongful death action is appropriate and will be granted.

However, Plaintiffs argue that while dismissal of their wrongful death claims may be warranted, their survival actions should proceed to trial because the recovery of maritime survival damages has not been limited to recovery of pecuniary losses.[3]

The Ninth Circuit recognizes the existence of a general maritime survival action. *Evich v. Connelly*, 759 F.2d 1432 (9th Cir.1985) ("*Evich I* "). Furthermore, the Ninth Circuit has held that pre-death pain and suffering, future economic loss, punitive damages and prejudgment interest are all compensable as survival damages. *Evich v. Morris*, 819 F.2d 256, 258–59 (9th Cir.), *cert. denied*, 484 U.S. 914, 108 S.Ct. 261, 98 L.Ed.2d 218 (1987) ("*Evich II* "). Since the decision in *Evich II*, however, the Supreme Court, while explicitly refusing to address the issue of the existence of a general maritime survival right, has held that future economic loss is not compensable in a survival action under general maritime law. *Miles*, 498 U.S. at 34–36, 111 S.Ct. at 327–28.

Plaintiffs argue that the *Miles* decision is inapplicable to this case and should be limited to cases involving seamen. Defendants, on the other hand, argue for an expansive reading which would limit recovery in maritime survival actions to pecuniary losses in the same manner that such a limitation is imposed in maritime wrongful death actions. The Court finds that *Miles* should be construed neither as expansively nor narrowly as the parties contend.

■ In light of the sweeping language used by the Supreme Court in *Miles*, there is no indication that the Supreme Court intend-

---

2. Pecuniary losses are those which can be measured by some quantifiable standard. *See Michigan Cent. R.R. v. Vreeland*, 227 U.S. 59, 71, 33 S.Ct. 192, 195, 57 L.Ed. 417 (1913). A nonpecuniary loss, on the other hand, includes those injuries "to the affections and sentiments which arise from the deaths of relatives, and which, though most painful and grievous to be borne, cannot be measured or recompensed by money." *Id.*

3. The distinction between a survival action and a wrongful death action has been clearly articulated by the Fifth Circuit Court of Appeals:

In a survival action, the estate or successors of a deceased person are allowed to prosecute a claim for personal injury that the deceased himself would have had but for his death. In a wrongful death action, the victim's dependents, not the victim, are allowed to recover for the harms they personally suffered as a result of the death, independent of any action the decedent may have had for his own personal injuries.

*Miles v. Melrose*, 882 F.2d 976 (5th Cir.1989).

ed that its decision should be limited to those actions involving seamen. Indeed, such a holding would lead to the anomalous result that seamen—those who are entitled the greatest protection under maritime law—would be afforded a lesser degree of protection than non-seamen.

■■■■ Furthermore, there is no indication that the Supreme Court intended that survival damages should be limited to those that are pecuniary in nature. Nothing in *Miles* indicates that the Ninth Circuit's holding in *Evich II* regarding the recovery of pre-death pain and suffering, punitive damages or prejudgment interest in a general maritime survival action is not still good law. Therefore, to the extent Plaintiffs are attempting to recover future economic loss in a general maritime survival action, such a measure of damages is precluded by *Miles.* However, the Court finds that *Miles* does not preclude recovery of pre-death pain and suffering, punitive damages or prejudgment interest in a general maritime survival action.

■■■■ Finally, since Plaintiffs are not seeking punitive damages, Defendants argue that they are entitled to summary judgment because Plaintiffs cannot prove damages for pre-death pain and suffering in the death of Sean Newhouse. Defendants argue that since Sean Newhouse's death was "instantaneous," there can be no pre-death pain and suffering. However, Defendants have failed to offer any evidence on this point, and their argument that Plaintiffs have similarly failed to offer evidence of pre-death pain and suffering is inapposite because at this stage Defendants have the initial burden of presenting evidence which, if uncontroverted, would entitle them to a directed verdict at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Therefore, a question of fact exists as to the existence of pre-death pain and suffering and Defendants' Motion for Summary Judgment on this point must be denied.

IT IS THEREFORE ORDERED THAT Defendants' Motion for Summary Judgment (# 34) is granted on Plaintiffs' claim for wrongful death under general maritime law.

IT IS FURTHER ORDERED THAT Defendants' Motion for Summary Judgment (# 34) is granted to the extent that Plaintiffs cannot recover damages for future economic loss in their maritime survival actions on behalf of the estates of Sean Newhouse and Robert Nuffer, but is denied to the extent that Plaintiffs' seek damages for pre-death pain and suffering in said survival actions.